**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANNY DOMINGO,

*Petitioner*,

v. No. 1:26-cv-02528-SMD-JMR

WARDEN OF THE TORRANCE
COUNTY DETENTION FACILITY, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Nicaragua, entered the United States on December 19, 2018, and was detained by Border Patrol. He was ordered removed in absentia. The removal order was rescinded on September 12, 2019, after an immigration judge granted Petitioner's motion to reopen his proceedings. Petitioner was released under an order of supervision ("OOS") on August 11, 2022. He was detained by immigration officials on August 18, 2025. *See* Docs. 1, 9. An immigration judge ordered removal on August 6, 2026; Petitioner appealed and the appeal remains pending.[1] Petitioner asserts that his OOS was unlawfully revoked and his ongoing detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 3-6. Respondents do not

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited on Nov. 12, 2026, using Petitioner's A-number and nationality).

contest any of the representations in the Petition. *See* Docs. 7, 9.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States approximately eight years ago and was arrested in the interior of the country, § 1226 governs Petitioner's detention.

II. <u>Respondents Fail to Show Compliance with Applicable Regulations</u>

As a preliminary matter, the Court has jurisdiction to assess whether Petitioner's re-detainment violates applicable regulations because "Petitioner is not challenging a discretionary determination of the Attorney General. Rather, Petitioner is challenging the nondiscretionary procedures Respondents must use to revoke Petitioner's previous release under § 1226. Accordingly, the Court has jurisdiction to review Petitioner's claim." *Lopez Cruz v. Blanche*, No. CIV-26-806-R, 2026 WL 1834408, at *4 (W.D. Okla. June 25, 2026) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)).

The regulations that "govern the release and revocation of release of noncitizens subject to a final order of removal[] are 8 C.F.R. § 241.4 and § 241.13." *Virachak v. Baltazar*, No. 26-cv-00391-STV, 2026 WL 746285, at *2 (D. Colo. Mar. 17, 2026). However, the record shows that Petitioner is not now subject to a final order of removal and was not subject to one when released under OOS on August 11, 2022, because the prior order of removal was rescinded. *See* Doc. 9-2.

Nonetheless, the record shows Petitioner was released from immigration custody. *See* Doc. 9-3.

Section 1226(a) "allows the Attorney General to continue to detain the arrested alien or release the alien on a bond or conditional parole pending a decision on whether the alien is to be removed from the United States. This discretionary authority has been vested in DHS … DHS also possesses broad statutory authority to revoke a noncitizen's release." *Castro De Santiago v. Mullin*, No. 26-cv-00186-CYC, 2026 WL 2969460, at *2 (D. Colo. Oct. 2, 2026) (quotations omitted; citing 8 U.S.C. § 1226(a)).

8 C.F.R. § 236.1(c)(9) provides "immigration officials broad discretion to revoke bond or conditional parole 'at any time.' After an authorized official exercises discretion to revoke the bond or parole granted under 8 U.S.C. § 1226(a), the noncitizen is to be rearrested under the original warrant." *Lopez Cruz v. Blanche*, 2026 WL 1834408, at *4. The officials authorized to revoke a noncitizen's release are "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge." 8 C.F.R. § 236.1(c)(9). "Only where one of these designated officials makes the decision to revoke a noncitizen's release may the noncitizen be taken into physical custody and detained on the original warrant. Courts have held that failure to comply with these requirements renders a noncitizen's detention unlawful." *Castro De Santiago v. Mullin*, 2026 WL 2969460, at *2 (quotation and citation omitted).

The record shows that Petitioner was detained at his immigration reporting office. *See* Doc. 9 at 1; Doc. 9-3. There is nothing in the record indicating that any authorized ICE official exercised their discretion to cancel Petitioner's release. "That alone is sufficient to find the proper procedures were not followed in effectuating Petitioner's detention." *Lopez Cruz v. Blanche*, 2026 WL 1834408, at *4; *see id.* at *5 n.4 ("The undersigned agrees with Respondents that Petitioner's

reliance on 8 C.F.R. § 241.13 for the proposition that he was entitled to a Notice of Revocation of Release is misplaced, as § 241.13 is inapplicable to Petitioner. However, as already stated, Respondents violated § 236.1(c) by improperly revoking Petitioner's release under that regulation."); *see also Castro De Santiago v. Mullin*, 2026 WL 2969460, at *3 ("In this matter, DHS' failure to abide by these statutory and regulatory requirements in revoking the petitioner's release invalidate his current detention."); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *3 (W.D. Okla. May 27, 2026) (finding the same and granting release).

III. The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights

Regarding Petitioner's constitutional claims, the Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. The Government's response does not contest any of the

assertions in the Petition and does not set forth any criminal history, providing only that Petitioner's "other criminal history predates the most recent entry into the United States," without elaboration. Doc. 9 at 1; *see also* Doc. 7. Petitioner's time within the country following release creates a constitutionally protected interest that cannot be revoked without providing due process of law.

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government states that it is "not submitting a brief in opposition to the Petition" and cites to *Santillan Quiroz* when noting that the "Court may then decide to grant the Petition and award appropriate relief." *See* Doc. 7 at 1. Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner no later than November 16, 2026, subject to the terms and conditions of his previous order of supervision;
3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without compliance with applicable regulations, including 8 C.F.R. § 236.1(c)(9), or without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;

6) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**